**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OMAR SHARRIEFF GAY, | No. 08-16315 |
| Petitioner, | D.C. No. 3:06-CV-01960-WHA |
| v. | |
| MIKE EVANS; J. WOODFORD, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Omar Sharrieff Gay appeals from the district court's judgment denying his

28 U.S.C. § 2254 habeas petition.  We have jurisdiction under 28 U.S.C. § 2253,

and we affirm.

Gay contends that the California Board of Prison Terms ("Board") violated

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his due process rights by considering evidence other than his commitment offense at his parole hearing. Specifically, he contends that California Penal Code section 3041(b) precluded the Board from considering any evidence apart from his commitment offense in determining whether he presented a threat to public safety, and that Title 15, section 2402 of the California Code of Regulations, which specifies that the Board must consider a number of factors, including factors other than the commitment offense, in assessing suitability for parole, contravenes Section 3041(b). However, California courts interpret Section 3041(b) and Section 2402 of the regulations to be consistent with each other and to permit the consideration of certain factors other than the commitment offense. *See, e.g., In re Shaputis*, 190 P.3d 573, 582 (Cal. 2008) ("Title 15, section 2402 of the California Code of Regulations sets forth the factors to be considered by the Board in carrying out the mandate of [Section 3041]."); *In re Lawrence*, 190 P. 3d 535, 554 (Cal. 2008) ("[E]vidence in the record corresponding to both suitability and unsuitability factors—including the facts of the commitment offense, the specific efforts of the inmate toward rehabilitation, and, importantly, the inmate's attitude concerning his or her commission of the crime, as well as the psychological assessments contained in the record—must, by statute, be considered and relied upon by both the Board and the Governor[.]"). Because we are bound by a state

08-16315

court's interpretation of its own law, *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975), Gay's due process claim fails. *See Hayward v. Marshall*, 603 F.3d 546, 561-62 (9th Cir. 2010) (en banc).

**AFFIRMED.**

08-16315